| | MISSISSIPPI DEPARTMENT OF CORRECTIONS | SOP NUMBER 20-08-01 |
|---|---|---|
| | | AGENCYWIDE |
| | GRIEVANCE PROCEDURES | INITIAL DATE 12-15-1997 |
| ACA STANDARDS: 2-CO-1C-02, 2-CO-3C-01, 4-4248, 4-4284, 4-ACRS-6B-03 | | EFFECTIVE DATE 09-20-2019 |
| STATUTES: 47-5-801, 47-5-803, 47-5-805, 47-5-807 | NON-RESTRICTED | PAGE 1 of 8 |

1 **APPLICABILITY:**
2
3 This procedure applies to all employees of the Mississippi Department of Corrections and to all
4 offenders committed to the custody of the Mississippi Department of Corrections.
5
6 **POLICY STATEMENT:**
7
8 It is the policy of the Mississippi Department of Corrections (MDOC) to maintain a written
9 offender grievance procedure.
10
11 **DEFINITIONS:**
12
13 Administrative Remedy Program (ARP) – A program by which an offender may request
14 administrative remedy for situations arising from policies, conditions, or events within the MDOC
15 that affect them personally.  Inmates will be required to use the program for all issues before
16 they proceed with a lawsuit.
17
18 Director of Administrative Remedy Program – Supervisor of MDOC's Administrative Remedy
19 Program in Central Mississippi Correctional Facility, Mississippi State Penitentiary, South
20 Mississippi Correctional Institution, Restitution Centers, Community Work Centers and other
21 facility housing offenders committed to the custody of the Mississippi Department of Corrections
22 who coordinates the program at all administrative levels.
23
24 This individual will be responsible for coordinating and facilitating the Administrative Remedy
25 Program process.
26
27 Grievance – A written complaint by an offender on the offender's own behalf regarding a
28 policy applicable within an institution, a condition within an institution, an action involving an
29 offender of an institution, or an incident occurring within an institution.
30
31 Emergency Grievance – A matter in which disposition within the regular time limits would
32 subject the offender to a substantial risk of personal injury, or cause other serious and
33 irreparable harm to the offender.
34
35 Days – Calendar days.
36
37 Prison Rape Elimination Act (PREA) of 2003 – The federal law establishing a zero tolerance
38 approach to sexual assault and sexual harassment.  Its purpose is to prevent, detect, and
39 respond to sexual abuse with regard to policy, personnel, and physical plant.
40
41 **PROCEDURES:**
42
43 The timelines dealing with MDOC response times and total time for the ARP process are
44 guidelines only and do not constitute substantive issues.
45

**EXHIBIT**
tabbies
B

| TITLE:  GRIEVANCE PROCEDURES | | SOP NUMBER<br>20-08-01 |
|---|---|---|
| EFFECTIVE DATE:  09-20-2019 | NON-RESTRICTED | PAGE 2 of 8 |

46  <u>GENERAL</u>
47
48  *Administration of Correctional Agencies* (Central Office):  Written agency policies provide
49  offenders/juveniles/residents with the following:
50  • **access to courts**
51  • **access to counsel**
52  • **access to law library**
53  • **access to programs and services**
54  • **access to media**
55  • **procedures that reasonably ensure the safety and well-being of offenders**
56  • **procedures for searches**
57  • **procedures for disciplinary actions**
58  • **grievance procedures**
59  • **freedom from racial, ethnic, gender, and religious discrimination [2-CO-3C-01].**
60
61  *Adult Correctional Institutions:*  **There is a written inmate grievance procedure that is made**
62  **available to all inmates and that includes at least one level of appeal [4-4284].**
63
64  *Adult Community Residential Services:*  **A grievance procedure that includes at least one**
65  **level of appeal is available to all offenders.  The grievance procedure is evaluated at least**
66  **annually to determine its efficiency and effectiveness.  The quantity and nature of**
67  **offender grievances are aggregated and analyzed annually [4-ACRS-6B-03].**
68
69  The ARP Director will annually solicit comments and suggestions on the processing, the
70  efficiency and the credibility of the Administrative Remedy Procedure.
71
72  All offenders will be entitled to invoke this grievance procedure. It will be the
73  responsibility of the Case Manager to provide appropriate assistance for offenders with
74  literacy deficiencies or language barriers.
75
76  No action will be taken against an offender for the good faith use of or good faith
77  participation in the procedure. Reprisals of any nature are prohibited. Offenders are entitled to
78  pursue, through the grievance procedure, a complaint that a reprisal occurred.
79
80  All aspects of the ARP process will be monitored by the ARP Director to insure that all time
81  limits are followed and that appropriate relief and responses are prepared at each level.
82
83  <u>REVIEWERS:</u>  If an offender registers a complaint against a staff member, that employee
84  will not play a part in making a decision on the request. However, this will not prevent the
85  employee from participating at Step One, since the employee complained about may be the
86  best source from which to begin collecting information on an alleged incident. If the
87  offender is not satisfied with the decision rendered at the First Step, he should pursue his
88  grievance to the ARP Director via the Second Step.
89
90  <u>COMMUNICATIONS:</u>  Offenders must be made aware of the system by oral explanation at
91  orientation and should have the opportunity to ask questions and receive oral answers. The
92  procedures will be posted in writing in areas readily accessible to all offenders.
93

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 09-20-2019 | NON-RESTRICTED | PAGE 3 of 8 |

94  **WRITTEN RESPONSES:** At each stage of decision and review, offenders will be provided
95  legibly written or typed answers that explain the information gathered or the reason for the
96  decision reached along with simple directions for obtaining further review.

97  **INITIATION OF THE PROCESS**
98
99  Before initiating the formal process, offenders should always try to resolve their problems
100 informally within the institution. This informal resolution may be accomplished through
101 discussions with staff members, etc. If the offender is unable to resolve his problems or
102 obtain relief, he may initiate the formal process.
103
104 Nothing in this procedure should serve to prevent or discourage an offender from
105 communicating with anyone in MDOC. The requirements set forth in this document for
106 acceptance into the Administrative Remedy Procedure are solely to assure that incidents, which
107 may give rise to a cause of action, will be handled through this two step system of review.
108
109 If an offender refuses to cooperate with the inquiry into his allegation, the request may be
110 denied by noting the lack of cooperation on the appropriate Step Response and returning it to
111 the offender. The ARP Director or His / Her designee will screen all requests prior to the
112 assignment to the First Step.
113
114 **SCREENING**
115
116 The ARP Director will screen all requests prior to assignment to the First Step. The screening
117 process should not unreasonably restrain the offender's opportunity to seek a remedy. If a
118 request is rejected, it must be for one of the following reasons, which will be noted on Form
119 ARP-1:
120
121 The relief sought is beyond the power of MDOC to grant:
122
123 • Court decisions
124
125 • Parole Board/Pardon Board decisions
126
127 • It is a duplicate request.
128
129 • In cases where a number of offenders have filed similar or identical requests seeking
130 administrative remedy, it is appropriate to respond only to the offender who filed the initial
131 request. Copies of the decision sent to other offenders who filed requests simultaneously
132 regarding the same issue will constitute a completed action. All such requests will be
133 logged.
134
135 • The complaint concerns an action not yet taken or a decision, which has not yet been made.
136
137 • The offender has requested a remedy for another offender.
138
139 • The offender has requested a remedy for more than one incident (a multiple complaint)
140

20-08-01 (j)

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
| --- | --- | --- |
| EFFECTIVE DATE: 09-20-2019 | NON-RESTRICTED | PAGE 4 of 8 |

141 • Established rules and procedures were not followed.
142
143 • If an offender refuses to cooperate with the inquiry into his allegation, the request may be
144 denied due to lack of cooperation.

145 • There has been a time lapse of more than 30 days between the event and the initial request,
146 MDOC does not waive this statute of limitations if it mistakenly issues an ARP response.
147
148 The request does not contain the phrase "this is a request for administrative remedy."
149
150 Notice of the initial acceptance or rejection of the request will be provided to the offender. If the
151 MDOC ARP Director accepts the complaint, he/she or the appropriate person will respond to the
152 complaint. If he/she rejects the complaint, he/she will so advise the offender in writing. The
153 offender will then have five days from the date the rejection memo is received to appeal this
154 rejection through channels or to resubmit his corrected complaint (beginning with the First Step).
155
156 **MULTIPLE REQUESTS:** Except for disciplinary appeals, if an offender submits multiple
157 requests during the review of a previous request, they will be logged and set aside for
158 handling at such time as the request currently in the system has been exhausted at the Second
159 Step or until time limits to proceed from the First Step to the Second Step has lapsed. RVR
160 appeals will not be logged and set aside. A maximum of ten (10) requests will be logged.
161 Requests above that number will be returned to the offender and not filed.
162
163 **REPRISALS:** No action will be taken against anyone for the good faith use of or good faith
164 participation in the procedure. The prohibition against reprisals should not be construed to
165 prohibit discipline of offenders who do not use the system in good faith. Those who file requests
166 that are frivolous or deliberately malicious may be disciplined under the appropriate rule
167 violation.
168
169 The ARP Director will be responsible for determining and communicating to offenders who
170 misuse the ARP. The offenders will be notified about their non-compliance with the rules and
171 the consequences of frivolous or malicious filings.
172
173 **FIRST STEP (Time Limit 40 days)**
174
175 The offender commences the process by writing a letter to the ARP Director, in which he/she
176 briefly sets out the basis for his/her claim, and the relief sought (Refer to Initiation of Process"
177 for the requirements of the letter).
178
179 The offender should make a copy of his letter of complaint and retain it for his own records.
180
181 The original letter will become a part of the process and will not be returned to the offender.
182 The institution is not responsible for providing the offender with copies of his letter of
183 complaint.
184
185 This letter will be written to the ARP Director within 30 days of an alleged event. If an
186 opinion or response is issued anyway by mistake, MDOC does not waive the statute of
187 limitations.
188

20-08-01 (j)

| TITLE:  GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
| --- | --- | --- |
| EFFECTIVE DATE:  09-20-2019 | NON-RESTRICTED | PAGE 5 of 8 |

189  The requests will be screened by the ARP Director and a notice will be sent to the offender
190  advising that his request is being processed or is being rejected. The First Step Respondent
191  will respond to the offender within 40 days from the date the request is received at the First
192  Step.
193
194  For offenders wishing to continue to the Second Step, sufficient space will be allowed on the
195  response to give a reason for requesting review at the next level. There is no need to
196  rewrite the original letter of request, as it will be available to all reviewers at each Step of the
197  process.


198  <u>SECOND STEP (Time limit 45 days)</u>
199
200  An offender who is dissatisfied with the First Step response may appeal to the ARP
201  Director by so indicating that he is not satisfied in the appropriate space on the
202  response form and forwarding it to the ARP Director within 5 days of receipt of the decision.
203  A final decision will be made by the Superintendent, Warden or Community Corrections
204  Director and the offender will be notified within 45 days of receipt.
205
206  If an offender is not satisfied with the Second Step response, he may file suit in Court. The
207  offender must provide the administrative remedy procedure number on the court forms.
208
209  <u>DEADLINES AND TIME LIMITS</u>
210
211  No more than 90 days from the initiation to completion of the process will elapse, unless
212  extension(s) have been granted. Absent such an extension, expiration of response time
213  limits will entitle the offender to move on to the next Step in the process. Time limits begin on
214  the date the request is assigned to a staff member for the First Step response.
215
216  An offender may request an extension in writing of up to five days in which to file at any stage of
217  the process. This request will be made to the ARP Director. The offender must certify valid
218  reasons for the delay, which reasons must accompany his untimely request. The issue of
219  sufficiency of valid reasons for delay will be addressed at each Step, along with the substantive
220  issue of the complaint.
221
222  The First Step Respondent may request permission for an extension of not more than five days
223  from the ARP Director at Step One review/response. The offender must be notified in writing of
224  such an extension.
225
226  In no case may the cumulative extensions exceed 25 days.
227
228  The ARP Director will devote particular personal attention to all grievances of a sensitive or
229  emergency matter to insure that these matters are handled expeditiously and appropriately.
230
231  <u>PROBLEMS OF AN EMERGENCY NATURE</u>
232
233  MDOC takes all PREA claims very seriously.  All initial PREA allegation letters received by ARP
234  will be forwarded to the CID Director for review.  The offender will be sent a letter by ARP
235  notifying him/her that the allegation has been sent to CID for review.  The letter will also state

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 09-20-2019 | NON-RESTRICTED | PAGE 6 of 8 |

236  that upon completion of the investigation by CID, if the offender is unsatisfied with the results,
237  he/she may initiate a request for the allegations to be considered by ARP. If the offender
238  subsequently submits a request to ARP with proof of review completed by CID regarding PREA
239  allegations, a case will be opened as an Emergency ARP at the Second Step and forwarded to
240  the appropriate PREA Coordinator for a response. If an offender feels he is subjected to
241  emergency conditions, he must send an emergency request to the ARP Director. The ARP
242  Director will immediately review the request and forward the request to the level at which
243  corrective action can be taken. If the MDOC ARP Director agrees that the complaint is an
244  emergency, he/she will accept and respond to the complaint. If he/she does not agree that the
245  complaint is an emergency, he/she will so advise the offender in writing. The offender will then
246  have five days from the date the rejection memo is received to submit his request through
247  regular channels (beginning with the First Step if his complaint is acceptable for processing in
248  the Administrative Remedy Program.)
249
250  Abuse of the emergency review process by an offender will be treated as a frivolous or
251  malicious request and the offender will be disciplined accordingly. Particularly, but not
252  exclusively, matters relating to administrative transfers, time computation disputes and family
253  illness or death are NOT to be treated as emergencies for purposes of this procedure, but will
254  be expeditiously handled by the ARP Director when appropriate.
255
256  **SENSITIVE ISSUES**
257
258  If the offender believes the complaint is sensitive and would be adversely affected if the
259  complaint became known at the institution, he/she may file the complaint directly with the
260  Mississippi Department of Corrections Director of Administrative Remedy Program. The
261  offender must explain in writing, his reason for not filing the complaint at the institution.
262
263  If the MDOC ARP Director agrees that the complaint is sensitive, he/she will accept and
264  respond to the complaint. If he/she does not agree that the complaint is sensitive, he/she
265  will so advise the offender in writing. The offender will then have five days from the date the
266  rejection memo is received to submit his request through regular channels (beginning with
267  the First Step if his complaint is acceptable for processing in the Administrative Remedy
268  Program.
269
270  **MEDICAL**
271
272  Medical complaints will be handled at the First Step by a licensed primary care physician, lab
273  technician, nurse, administrator or other medical representative and at the Second
274  Step by the site medical director, licensed primary care physician, lab technician,
275  nurse, administrator or other medical representative and may be the same individual as
276  in the first step who is consulting with other qualified medical officials in transcribing
277  their decision.
278
279  **ADMINISTRATIVE REMEDY PROCEDURE RECORDS**
280
281  Administrative Remedy Procedure records are confidential. Employees who are participating
282  in the disposition of a request may have access to records essential to the resolution of
283  requests.
284

| TITLE:  GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE:  09-20-2019 | NON-RESTRICTED | PAGE 7 of 8 |

285 All reports, investigations, etc., other than the offender's original letter and responses, are
286 prepared in anticipation of litigation, and are prepared to become part of the attorney's work
287 product for the attorney handling the anticipated eventual litigation of this matter and are
288 therefore confidential and not subject to discovery.
289
290 Records will be maintained as follows:
291
292 • A log will be maintained which will document the nature of each request, all relevant dates,
293 and disposition at each step.
294
295 • Individual requests and dispositions, and all responses and pertinent documents will be
296 kept on file at the institution.
297
298 • Records will be kept at least five years following final disposition of the request.
299
300 **TRANSFERRED OFFENDERS**
301
302 When an offender has filed a request at one institution and is transferred prior to the review, or if
303 he files a request after transfer on an action taken by the sending institution, the sending
304 institution will complete the processing through the First Step. The Warden of the receiving
305 institution will assist in communication with the offender.
306
307 **DISCHARGED OFFENDERS**
308
309 If an offender is discharged before the review of an issue that affects the offender after
310 discharge is completed, or if he files a request after discharge on such an issue, the
311 institution will complete the processing and will notify the offender at his last known
312 address. All other requests will be considered moot when the offender discharges, and
313 MDOC will not complete the process.
314
315 **RVR APPEALS**
316
317 *Adult Correctional Institutions:*  **Written policy, procedure, and practice grant inmates the**
318 **right to appeal decisions of the disciplinary committee to the warden/superintendent or**
319 **designee.  Inmates have up to 15 days of receipt of the decision to submit an appeal.**
320 **The appeal is decided within 30 days of its receipt, and the inmate is promptly notified in**
321 **writing of the results [4-4248].**
322
323 At the time of notification of a guilty finding in a disciplinary hearing, the offender will be notified
324 that he/she has the right to appeal any decision of, or disciplinary action taken by the
325 Disciplinary Hearing Officer, directly to the Warden/Community Corrections Director or designee
326 of the unit/center involved via the ARP Director.
327
328 This notification will be documented by having the offender sign the front of the RVR indicating
329 that he/she understands the right to appeal.
330
331 If the offender waives his/her right to appear and is found guilty, he/she cannot appeal the
332 decision.
333

20-08-01 (j)

| TITLE:  GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE:  09-20-2019 | NON-RESTRICTED | PAGE 8 of 8 |

334  The appeal will be submitted in writing within fifteen (15) days after a copy of the Disciplinary
335  Hearing Officer's decision is offered to the offender and will set forth in detail the grounds for
336  any appeal. If the inmate refuses to sign for the RVR, the RVR will be documented that the
337  inmate refused to sign.
338
339  In the event the offender is illiterate, at the request of the offender, the offender's case manager
340  may assist him/her in writing the letter of appeal.
341
342  The Warden/Community Corrections Director or designee has thirty (30) calendar days from
343  receipt of the appeal to respond.
344
345  During the appeal, the reviewer may affirm the action of the Disciplinary Hearing Officer or alter
346  it as he/she deems just and proper except at no point in the appeal process shall the penalty be
347  increased.
348  If the offender is not satisfied, he/she may file suit in court.  The offender must provide the ARP
349  number on the court forms.
350
351  **DOCUMENTS REQUIRED:**
352
353  Community Corrections: ARP Grievance Notification form
354  Monthly Report
355  Annual Report
356  As required by this procedure and through the chain of command

| SOP ENFORCEMENT AUTHORITY | |
|---|---|
| **Reviewed and Approved for Issuance** | Deputy Commissioner of Institutions          09/01/19   Date |
| | Deputy Commissioner of Community Corrections      9/1/2019   Date |

20-08-01 (j)