UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JEFFREY LEWIS ROBINSON                                        PLAINTIFF

VS.                              CIVIL ACTION NO. 5:19-cv-82-DCB-MTP

WARDEN SCOTT MIDDLEBROOKS, ET AL.                             DEFENDANT

ORDER

This matter is before the Court on Jamie Brown, Karen Brown, Mary Groom, Joseph Hall, Linda Harrington, Chandra Hughey, Scott Middlebrooks, Erica Perkins, Clarissa Sanders, Phil Taylor, Dorothy Turner, and Gabriel Walker's ("Defendants")[1] Motion for Summary Judgment [ECF No. 43] and Magistrate Judge Michael T. Parker's Report and Recommendation ("R&R") [EF No. 45]. On October 13, 2020, Defendants filed their objections to the R&R [ECF No. 46]. On October 19, 2020, Plaintiff, Jeffrey Lewis Robinson filed his objections [ECF No. 47]. Having reviewed the Report and Recommendation, the objections, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

Jeffrey Lewis Robinson ("Robinson") filed a complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. In his complaint

---

[1] Defendants Brittany Greene and Jermaine Jones have not been served as of February 5, 2021.
Defendant Geneva Nix was served on January 24, 2020 and did not respond until after Judge Parker had entered the Report and Recommendation.

1

Robinson alleges that Defendants ignored him when he informed them of a potential threat to his safety. [ECF No. 1] at 5. Robinson alleges that he was stabbed ten times by Hakeem Coleman. Id. at 6. Robinson was transferred to a hospital where he received medical attention, but he alleges he did not receive further medical treatment when he returned to Wilkinson County Correctional Facility ("WCCF"). Id.

Before filing suit in this Court, Robinson submitted a "Request for Administrative Remedy" to the Mississippi Department of Corrections ("MDOC") Administrative Remedy Program ("ARP") on August 1, 2019. Robinson requested monetary relief, alleging deliberate indifference to his life, cruel and unusual punishment, and medical neglect for his wounds after the event. [ECF No. 43-1]. On August 20, 2019, the Director of the Administrative Remedy Program rejected the grievance claiming the requested relief was "beyond the power of the ARP department to grant."[2] Id. at 10.

Before his first grievance was rejected, Robinson submitted a second grievance which contained similar allegations and requests for relief. Id. at 25-28. On October 10, 2019, the Director of the Administrative Remedy Program rejected Robinson's

---

[2] One of the statements on the ARP-1 form which explains the reason for the rejection is: Plaintiff's request is "relief is beyond the power of the Mississippi Department of Corrections to grant." However, the Director of the ARP checked the box labeled as "other" and typed in "beyond the power of the ARP department to grant." Inasmuch as the ARP is a program within the MDOC, the Court finds no distinction between the two reasons.

2

second grievance claiming the relief demanded was "beyond the power of the ARP department to grant." Id. at 24.

Defendants filed a Motion for Summary Judgment [ECF No. 43], arguing that this action should be dismissed because Robinson failed to exhaust available administrative remedies. Magistrate Judge Parker carefully reviewed the matter and found that the motion should be granted in part and denied in part. Defendants filed objections, claiming that Magistrate Judge Parker either overlooked or misconstrued the requirements of the ARP process under the MDOC policy and that the findings are incongruent with relevant judicial precedent. [ECF No. 46]. Robinson filed objections that merely restate claims from his complaint. [ECF No. 47].

## Standard of Review

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the moving party to carry its burden." Beck v. Texas State Bd. of

Dental Examiners, 204 F.3d 629, 633 (5th Cir. 2000) (Celotex Corp., 477 U.S. at 322). The Court must view "the evidence in the light most favorable to the nonmoving party." Id. However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

When a party objects to a Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Allen v. Outlaw, No. 5:14-CV-60-DCB-MTP, 2015 WL 4759268, at *2 (S.D. Miss. Aug. 12, 2015). Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike Cty., No. 5:16CV14-KS-MTP, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). A de novo review means that this Court will "examine the entire record and will make an independent assessment of the law." Lambert v. Denmark, No. 2:12CV74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013).

In conducting such a review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

## Analysis

Defendants assert that Magistrate Judge Parker has either overlooked or misconstrued the requirement of the Administrative Remedy Program ("ARP") process under the MDOC policy and that his ruling is incongruent with relevant judicial precedent. [ECF No. 46]. While the Court recognizes that there is a split within the Southern District of Mississippi, Judge Parker's recommendation is consistent with the findings of this Court. Hill v. Jackson, No. 5:20-CV-9-DCB-MTP, 2020 WL 6743002 (S.D. Miss. Nov. 17, 2020); Bell v. Mgmt. & Training Corp., No. 5:16-CV-39-DCB-MTP, 2017 WL 6060885 (S.D. Miss. Dec. 7, 2017).

Mississippi Code § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has established an Administrative Remedy Program through which an inmate may seek formal review of a complaint concerning his incarceration. See Mississippi Dept. of Corrections Handbook at Ch. VIII.[3]

---

[3] See http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited February 4, 2021).

The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. Id. If, after screening, the grievance or request is accepted into the ARP, an official will use a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. Id.

The Prisoner Litigation Reform Act ("PLRA") requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1997 e(a). The Fifth Circuit "strictly" applies the PLRA's exhaustion requirement. Cowart v. Erwin, 837 F.3d 444, 451 (5th Cir. 2016). Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Robinson failed to exhaust available administrative remedies. Id.

Judge Parker found that "Plaintiff was prohibited from appealing the rejection by the ARP's own rules. There was simply 'no next step (save filing a lawsuit) to which' Plaintiff could advance, and he had therefore 'pursue[d] the grievance remedy to conclusions.'" [ECF No. 45] citing Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015).

The purpose of the exhaustion requirement is to afford "officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v.

6

Nussle, 534 U.S. 516, 525 (2002). The complaint must give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. "If the complaint meets those standards, and if there are no further avenues for administrative resolution, we will find exhaustion." Moussazadeh v. Texas Dep't of Criminal Justice, 703 F.3d 781, 788 (5th Cir. 2012), as corrected (Feb. 20, 2013).

In Ross v. Blake, the Supreme Court described three instances in which an administrative procedure may be considered unavailable for purposes of the PLRA's exhaustion requirement. Ross v. Blake, 136 S. Ct. 1850 (2016). An administrative procedure may be unavailable where: (1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) the "administrative scheme is so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-1860. Defendants contend that the circumstances under which Ross deems administrative remedies "unavailable" are not present here. [ECF No. 46] at 12. The Court disagrees.

"A prisoner is thus required to exhaust only those grievance procedures that are 'capable of use' to obtain 'some relief for

the action complained of.'" Ross, 136 S. Ct. at 1853 (citing Booth, 532 U.S., at 738, 121 S. Ct. 1819). Robinson was not able to participate in the Administrative Remedy Program because his request was rejected at the screening phase which occurs prior to entering the ARP. "When the facts on the ground demonstrate that no such potential exists, the inmate has no obligation to exhaust the remedy." Ross, 136 S. Ct. 1850, 1859 (2016); see also Booth v. Churner, 532 U.S. 731, 736 (2001). If an inmate's request is rejected during the screening phase and he is not allowed to appeal according to the rules, then there remains no "available" remedy. A rejection at the screening stage operates as a pre-step-one – or "step zero" – rejection from which no appeal can be taken within the ARP system. Yankton v. Epps, 652 F. App'x 242, 245 (5th Cir. 2016) (a screener's rejection of a complaint forecloses acceptance into the ARP and precludes a prisoner from proceeding to "step one"); Berry v. Wexford Health Sources, No. 3:14-CV-665-CWR-FKB, 2016 WL 4030934 (S.D. Miss. July 26, 2016). This "step zero" rejection denies entry into the ARP. Bell, 2017 WL 6060885. Once Robinson's request to enter the ARP was rejected, he lacked any available administrative remedy.

Under the second Ross exception, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Ross, 136 S. Ct. at 1859. Defendants claim "after Plaintiff received notice that his grievance had been rejected

8

because it did not comply with the ARP's procedural rules, he still could have resubmitted a corrected grievance seeking relief capable of being addressed by the ARP process." [ECF No. 46] at 6. Although other remedies may have been available to Robinson, once he requested monetary relief the policies prevented him from seeking other relief. The MDOC Policy states if an initial request is rejected by the ARP Director, then the offender will "have five days from the date the rejection memo is received to appeal this rejection through channels or to resubmit his corrected complaint." [ECF No. 43-2] at 4. However, the Wilkinson County Correctional Facility ("WCCF") Inmate Handbook indicates that the denial of relief that is beyond the power of the MDOC to grant cannot be appealed. [ECF No. 43-3] at 3. The WCCF Inmate Handbook also specifies that if a request is rejected for technical reasons or matter of form, then "the inmate shall have five (5) days from the date of the rejection to file his corrected grievance." Id. As previously stated, inasmuch as the relief requested by Robinson was beyond the power of the ARP to grant, it was rejected; this is not a technical reason or a matter of form. Even if other remedies were available, according to the WCCF Inmate Handbook he was unable to appeal.

Furthermore, "[w]e have long recognized the importance of ensuring that inmates have avenues for discovering the procedural rules governing their grievances." Dillon v. Rogers, 596 F.3d 260,

9

268 (5th Cir. 2010). The MDOC Policy specifies several requests for which the relief sought is beyond the power of the MDOC to grant; monetary relief is not listed.[4] [ECF No. 43-2] at 3. Neither the MDOC Policy nor the WCCF Inmate Handbook placed Robinson on notice prior to his request for relief that monetary relief is beyond the power of the MDOC. It is not uncommon for an inmate to request monetary relief. Inasmuch as such relief is unavailable, the policies should reflect this fact to put the inmates on notice.

Inasmuch as Robinson's objection merely restates the allegations in his petition Judge Parker has so stated and this Court agrees.

Judge Parker recommends, and both parties agree, that Phil Taylor should be dismissed because the record establishes that Robinson failed to exhaust his administrative remedies prior to asserting claims against Defendant Taylor. Plaintiff is required

---

[4] According to the MDOC Policy [ECF No. 43-2] relief sought is beyond the power of MDOC to grant:
- Court decisions
- Parole Board/Pardon Board decisions
- It is a duplicate request.
- The complaint concerns an action not yet taken or a decision, which has not yet been made.
- The offender has requested a remedy for another offender.
- The offender has requested a remedy for more than one incident (a multiple complaint)
- Established rules and procedures were not followed.
- If an offender refuses to cooperate with the inquiry into his allegation, the request may be denied due to lack of cooperation.
- There has been a time lapse of more than 30 days between the event and he initial request, MDOC does not waive this statue of limitations if it mistakenly issues an ARP response.
- The request does not contain the phrase "this is a request for administrative remedy."

to exhaust his administrative remedies as to all defendants in order to proceed against them now. Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). Judge Parker does not recommend that Clarissa Sanders be dismissed. However, Clarissa Sanders was not named in Robinson's initial grievance that was filed with the ARP on August 1, 2019; thus, Robinson failed to exhaust his administrative remedies prior to asserting claims against Defendant Sanders. Robinson only exhausted his administrative remedies as it relates to the first grievance because he did not receive a rejection letter concerning the second grievance until after he filed suit in this court. See Morris v. Walker, No. 5:16-CV-122-DCB-MTP, 2018 WL 2758258, at *2 (S.D. Miss. June 8, 2018). Therefore, the Court grants the Motion for Summary Judgment as to Defendants Phil Taylor and Clarissa Sanders.

The record before the Court establishes that Robinson took his request as far as the MDOC would allow before commencing action in this Court. Thus, Plaintiff did exhaust his administrative remedies against defendants Jamie Brown, Karen Brown, Mary Groom, Joseph Hall, Linda Harrington, Chandra Hughey, Scott Middlebrooks, Erica Perkins, Dorothy Turner, Gabriel Walker, and Geneva Nix. Therefore, the Court denies the Motion for Summary Judgment as to these defendants.

Accordingly,

IT IS HEREBY ORDERED that the Motion for Summary Judgment [ECF No. 43] is GRANTED in part and DENIED in PART and the Report and Recommendation [ECF No. 45] is ADOPTED in PART. The Motion for Summary Judgment [ECF No. 43] will be granted as to Defendants Phil Taylor and Clarissa Sanders; it will be denied as to the remaining Defendants.

IT IS FURTHER ORDERED that Plaintiff's claims against Phil Taylor and Clarissa Sanders are DISMISSED without prejudice.

IT IS FURTHER ORDERED that this action will continue as to the remaining defendants.

IT IS FURTHER ORDERED that the Defendants' objections [ECF No. 46] and Plaintiff's objections [ECF No. 47] to Magistrate Judge Parker's Report and Recommendation are OVERRULED.

SO ORDERED this the 2nd day of March, 2021.

                                                        /s/ David Bramlette
                                                    UNITED STATES DISTRICT JUDGE