IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPI
WESTERN DIVISION

**JEFFREY LEWIS ROBINSON**                                                                **PLAINTIFF**

v.                                                                    CIVIL ACTION NO.: 5:19-cv-82-DCB-MTP

**WARDEN SCOTT MIDDLEBROOKS et al**                                        **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the Court's orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On September 9, 2019, Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. § 1983 alleging that various employees at Wilkinson County Correctional Facility violated his constitutional rights. On March 2, 2021, the Court mailed an Order Adopting Report and Recommendation [53] to Plaintiff's address of record. The mail, however, was returned as undeliverable. *See* Mail Return [58].

Plaintiff has a duty to advise the Court of his current address. The Court warned Plaintiff on at least eight occasions that his case may be dismissed if he fails to keep his address current. *See* Notice of Assignment [1-2]; Orders [4] [8] [9] [12] [17] [27] [62].

On April 5, 2021, the Court entered an Order to Show Cause [60] directing Plaintiff to show cause why his case should not be dismissed for failure to exhaust his administrative remedies in light of the Fifth Circuit's holding in *Lewis v. Doe, I*, No. 20-60180, 2021 WL 933347 (5th Cir. Mar. 11, 2021). The Court warned Plaintiff that failure to respond to the Order [60] could result in this action being dismissed. The mail was returned as undeliverable with a

1

note saying "No longer housed[.]" *See* Mail Return [61]. Plaintiff did not respond and the time for doing so has expired.

On May 3, 2021, the Court again ordered Plaintiff to show cause why this action should not be dismissed for failure to keep his address current. *See* Final Show Cause Order [62]. Plaintiff was warned that failure to respond to the Order [62] may result in dismissal of this action. The mail was returned as undeliverable, and Plaintiff did not file a response. *See* Mail Return [63]. Plaintiff has not filed a document with the Court in this action for over seven months.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of dilatory conduct and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 20th day of May, 2021.

                                                      s/Michael T. Parker
                                                     UNITED STATES MAGISTRATE JUDGE